STEWART, J.,
concurs.
[J agree with the majority that the state failed to meet its burden of proving that the currency seized was subject to forfeiture. The evidence in the records fails to show that the currency was derived from or intended to be used in a narcotics transaction. As a result, I concur in the majority’s result, as I believe that the money was improperly forfeited.
However, I disagree with the majority’s determination that “palpable abuse” did not exist on the part of the trial court in denying the motion to dismiss. LSA-R.S. 40:2612 clearly states that “the hearing on the claim shall be held within sixty days after service of the petition unless continued for good cause.” Mr. Woods was served with the petition for the in rem forfeiture on June 4, 2004. It is undisputed that the hearing on the claim was not held within 60 days after the service of the petition. The record indicates that the matter was not brought to trial until April 18, 2005, which is a significant amount of time after the service of the petition. Additionally, there is no evidence that would indicate that either party moved for a continuance or that “good cause” existed to justify the delay. Based on these facts, I cannot agree with the majority’s opinion that the trial court correctly denied Mr. Woods’ motion to dismiss.